UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                Case No. 16-cr-40012-JPG

KYLE E. EASTERLY,

        Defendant.

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on defendant Kyle E. Easterly's *pro se* motion for a reduced sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 347). The Government has responded to the motion (Doc. 359). Easterly has not replied to that response, although he was given an opportunity to do so.

**I.      Compassionate Release**

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release. Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A). The failure to exhaust is an affirmative defense that must be asserted by the Government or will be waived. *Gunn*, 980 F.3d at 1179.

The exhaustion of remedies portion of this statute provides that the defendant may file a motion for compassionate release after the earlier of two events: (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." As a practical matter, (2) will almost always provide the relevant exhaustion mark because it is virtually impossible to exhaust the BOP's comprehensive administrative remedy process within 30 days. Thus, the Court asks whether the defendant waited 30 days after the warden received his request before filing this motion.

The 30-day period is a mandatory claim-processing rule that must be enforced by the Court if the Government raises it. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). Although the Court has the power to waive some exhaustion requirements, it cannot waive this one because it was specifically mandated by Congress in the statute. *Id.* (noting that "may not modify a term of imprisonment" is language of a mandatory claim-processing rule that must be enforced); *see McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (PLRA exhaustion requirement);

2

*Ross v. Blake*, 578 U.S. 632, 638-39 (2016) (same).

Additionally, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for compassionate release. *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise the warden is not equipped to properly consider the defendant's request.

Thus, where an inmate has not satisfied either option for exhausting his administrative remedies for compassionate release—citing the same "extraordinary and compelling" reasons in his motion—*before* filing his motion, the Court must deny the defendant's motion without prejudice to another motion filed *after* exhaustion. *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020).

## II.   Analysis

In September 2015, Easterly pled guilty to one count of conspiracy to manufacture and distribute a mixture and substance containing methamphetamine and one count of possession of a listed chemical knowing it would be used to manufacture methamphetamine.

At his sentencing in January 2017, the Court found that Easterly was a career offender based on two prior convictions for a crime of violence (aggravated domestic battery and domestic battery (enhanced)). *See* U.S.S.G. §4B1.1.[2] His career offender offense level was determined to be 34 because of the statutory maximum sentence of 20 years under 21 U.S.C. § 841(b)(1)(C). The Court reduced his offense level by 3 points under U.S.S.G. § 3E1.1 because Easterly accepted responsibility for his crimes. His career offender status also established his criminal history category as VI. *See* U.S.S.G. § 4B1.1(b). The Court sentenced Easterly to serve 235 months in prison. Easterly did not appeal his sentence.

---

[2] Unless otherwise noted, all references to the U.S.S.G. are to the 2016 version.

Now, Easterly asks the Court for immediate release for several reasons.  First, he points to the remarkable self-improvement and rehabilitation that he has achieved during his incarceration.  Second, he points to his mother's recent cancer diagnosis and states she needs financial and emotional assistance as well as help with transportation to her various medical appointments, and she has little local family resources to help her.  He mourns the loss of relationships with his son and his brother because of his incarceration.  Third, he asserts his PSR erroneously assessed his criminal history.  He complains that, at USP-Atwater, he was housed in segregation for extended periods because of actions he took to avoid prison violence, and he did not receive adequate medical care at that institution, including programs for opioid addiction.  Easterly further argues that the factors in 18 U.S.C. § 3553(a) weigh in favor of reducing his sentence and that the time he has already served is adequate to serve the purposes of sentencing.[3]

In response, the Government argues Easterly failed to exhaust his remedies for the reasons he asserts in his motion.  It points to the warden's March 7, 2023, response to Easterly's February 28, 2023, request for compassionate release.  The Government notes that the warden's response stated that Easterly only sought release based on his medical condition of hypertension, not the supposedly "extraordinary and compelling" reasons on which his motion is based.

Easterly has not exhausted his administrative remedies for the supposedly "extraordinary and compelling" reasons he cites in his.  Although he did ask the warden of his institution to file a request for compassionate release on his behalf, that request was "based on [Easterly's] statement of having hypertension while incarcerated."  Warden's Resp., Def.'s M. Comp. Rel. 58 (Doc. 347).  Easterly did not cite his hypertension as an extraordinary and compelling reason in his motion.  Nor did he ask the warden to consider the reasons he explains in his motion, as

---

[3] Easterly is now housed at USP-Victorville.

4

required by *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).  Without that information, the warden was not equipped to entertain Easterly's request.  And where the defendant has not completed this necessary first step toward exhaustion under either method, his motion is premature.

      Accordingly, the Court **DENIES** the defendant's motion (Doc. 347) **without prejudice** to another motion filed *after* fully exhausting all administrative rights to appeal a failure of the BOP to bring a motion *or* the lapse of 30 days from the date the warden received his request, whichever is earlier.  Any such request to the warden *must* contain the reasons Easterly will advance in a motion with the Court.

**IT IS SO ORDERED.**
**DATED:  September 5, 2024**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**